# UNITED STATES BANKRUPTCY COURT

# MIDDLE DISTRICT OF FLORIDA

# ORLANDO DIVISION

IN RE:                                                      Case No. 6:26-bk-01776-GER

HOMEMAKERS REAL ESTATE, LLC,              Chapter 7

      Debtor.

_____/

## HORTON S. JOHNSON'S REQUEST FOR JUDICIAL NOTICE

*(Concerning Related State-Court Filings and Brevard / Volusia / South Carolina*

*Public Records Material to the May 20, 2026 Hearing)*

Horton S. Johnson ("Johnson"), as the duly authorized representative of the Debtor Homemakers Real Estate, LLC in this voluntary Chapter 7 case, and also as a petitioning creditor in the related involuntary Chapter 11 case at Case No. 6:25-bk-05570-GER, through undersigned counsel, respectfully requests that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the records identified below in connection with the evidentiary matters scheduled for hearing on May 20, 2026. In support, Johnson states:

## I.  STANDARD

1.     Federal Rule of Evidence 201 provides that the Court may take judicial notice of a fact that is "not subject to reasonable dispute" because it is either "generally known" within the trial court's territorial jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

2.     Eleventh Circuit law is well settled that the bankruptcy court may take judicial notice of the dockets and contents of court records in related proceedings, including its own prior decisions and the records of related state-court cases. See Lozman v. City of Riviera Beach, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); Universal Express, Inc. v. SEC, 177 F. App'x 52, 53–54 (11th Cir. 2006).

3. Judicial notice of the existence and contents of a court filing does not equate to acceptance of the truth of the matters asserted in the filing. Johnson requests judicial notice only of (a) the fact that the identified filings were made on the dates and in the cases indicated, (b) the contents of those filings as documents bearing what they say on their face, and (c) the procedural propositions established by those filings (e.g., that certain defenses are formally before another court of competent jurisdiction).

## II.  RELATED STATE-COURT CASE NO. 1 — OSCEOLA GUARANTY ACTION

Johnson requests judicial notice of the existence and contents of the following filings in PEDIXON LLC and ZPD LLC v. Martin C. Flynn, Jr. et al., Case No. 2025-CA-002359-CI, Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida (the "Osceola Guaranty Action"):

4. Complaint for Damages for Breach of Guaranties, e-filed by PEDIXON LLC and ZPD LLC on August 20, 2025 as Filing No. 229854179 ("Osceola Complaint"), comprising 104 pages, including the body of the Complaint and Exhibits A through O attached thereto.

*The Osceola Complaint, by Dixon's own act of filing, places into the public record and thereby authenticates the following instruments. Each is identified in the Osceola Complaint as follows:*

**Exhibit A.** Original Sherwood Note (1/28/2022 — $500,000) and Future Advance Allonge (8/3/2022 — $250,000), referenced in Osceola Compl. ¶¶ 17–18

**Exhibit B.** Second Sherwood Note (10/7/2022 — $500,000), referenced in Osceola Compl. ¶¶ 19–20

**Exhibit C.** Million Dollar Loan / Cherry CD Note (12/13/2022 — $1,000,000)

**Exhibit D.** Composite — Sherwood/Canaveral Crossroads Resorts Common Area Loan documents (2/27/2023 — $500,000)

**Exhibit E.** Hampton Promissory Note (8/26/2022 — $1,300,000) and related Recycled Group documents

**Exhibit F.** IMQA Loan 506 documents (7/26/2022 — $300,000)

**Exhibit G.** River Fly In / Space Coast Resorts Promissory Note (6/13/2023 — $3,000,000) and Holly Bluff Business Loan Agreement (7/19/2023 — $3,000,000)

**Exhibit H.** September 14, 2023 Tiered Consolidated Loan Agreement among PEDixon, ZPD, the Tiered Capital Inc. borrower, and the guarantors

**Exhibit I.** September 18, 2023 Tiered Capital Inc. Promissory Note ($750,000), Osceola Compl. ¶ 35

**Exhibit J.** September 13, 2023 Guaranty Agreement of Martin C. Flynn, Jr., individually, MTF Holdings LLC, 650 85th LLC, Sherwood Construction, Inc., and Cape Crossing Vacation Rentals, LLC

**Exhibit K.** September 13, 2023 Guaranty Agreement of Horton S. Johnson, individually, as Manager of Homemakers Real Estate, LLC, and as Trustee of the Horton S. Johnson Revocable Trust dated August 3, 2012

**Exhibit L.** September 13, 2023 Guaranty Agreement of Yaniv Amar, A. Marine, Inc., Recycled Group of South Carolina, LLC, and Holly Bluff, Inc.

**Exhibit M.** September 18, 2023 IMQA Investments, Incorporated Guarantee Agreement for the Tiered Loan

**Exhibit N.** December 20, 2023 Notice of Default Letter executed by Alison Pitkanen, Esq. on behalf of PEDixon, LLC

**Exhibit O.** Legal descriptions of the twenty-six (26) Cape Crossing condominium units, with references to recordations in the Public Records of Brevard County, Florida

5.      Entity Defendants' Motion for Judgment on the Pleadings, filed by MTF Holdings, LLC, 650 85th LLC, Sherwood Construction, Inc., Cape Crossing Vacation Rentals, LLC, A. Marine, Inc., Recycled Group of South Carolina, LLC, Holly Bluff, Inc., and the Horton S. Johnson Revocable Trust in the Osceola Guaranty Action, pursuant to Florida Rule of Civil Procedure 1.140(c), and the accompanying Memorandum in Support thereof.

6.      Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction, filed in the Osceola Guaranty Action, asserting that Florida Statutes § 687.071(7) removes from the courts of this State any subject-matter jurisdiction to enforce the criminally usurious extensions of credit on which the Osceola Complaint depends.

7.      Amici Notice of Lack of Subject Matter Jurisdiction (18 pages) filed in the Osceola Guaranty Action, cross-supporting the position that the underlying loans are unenforceable in any court of this State pursuant to Florida Statutes § 687.071(7).

8.      IMQA Investments, Incorporated's Answer, Affirmative Defenses, and Counterclaim, filed in the Osceola Guaranty Action, asserting affirmative defenses including criminal usury, fraud, fabrication, and false attestation.

9.      Martin C. Flynn, Jr.'s Answer and Affirmative Defenses, filed September 25, 2025, in the Osceola Guaranty Action.

10.     Yaniv Amar's Motion to Dismiss for Failure to State a Cause of Action (October 27, 2025) and Motion to Vacate Default (November 8, 2025), filed in the Osceola Guaranty Action.

11.     Recycled Group of South Carolina, LLC's Motion to Set Aside Default Judgment for Fraud, filed in the Osceola Guaranty Action.

12.     Horton S. Johnson's Florida Rule 1.420 / Section 57.105 Motions for Sanctions (Forgery and Usury) with Safe-Harbor Letters served on counsel for PEDIXON and ZPD in the Osceola Guaranty Action.

13. Horton S. Johnson's Third-Party Complaint for Indemnification against Homemakers Real Estate, LLC and Tiered Capital, Inc., e-filed in the Osceola Guaranty Action on May 11, 2026 as Filing No. 247891795.

14. Horton S. Johnson's 'Dixon Is Paid' Compilation, e-filed in the Osceola Guaranty Action on March 23, 2026 as Filing No. 244416282, comprising 247 pages of loan-by-loan ledgers, repayment evidence, recorded deeds, business interest transfers, and analytical summaries establishing that PEDIXON, LLC and ZPD, LLC have received in excess of $27,432,014.91 against $11,225,000 in principal loans, resulting in an overpayment of approximately $16,207,014.91 — including the complete 'Dixon Is Paid' Appendix 1, the Dixon Repayment Evidence Summary, the Dixon Simple Loan and Pay Summary, the Dixon Cash Payments Chart, and Dixon's own internal Account Summaries dated 9/12/2023, 9/6/2024, and 6/3/2025.

15. Leibert's Notice of Lack of Subject Matter Jurisdiction, filed in the Osceola Guaranty Action on April 23, 2026 — formally placing on the Osceola record the position that the Dixon-affiliated loans are criminally usurious and that Florida Statutes § 687.071(7) removes from the courts of this State any jurisdiction to enforce them.

16. The notable absence of Homemakers Real Estate, LLC and Tiered Capital, Inc. from the list of defendants on the affirmative side of the Osceola Complaint — relevant to demonstrating that Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A. structured the Osceola Guaranty Action so as to avoid naming as defendants the very entities that Dean Mead also purports to represent in this bankruptcy case.

## III.  RELATED STATE-COURT CASE NO. 2 — PITKANEN MALPRACTICE ACTION

Johnson requests judicial notice of the existence and contents of the following filings in Horton S. Johnson v. Alison Pitkanen and Alison Pitkanen Law Firm, LLC, Case No. 2025-CA-[redacted], Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Complex Business Litigation Division 43 (the "Pitkanen Malpractice Action"):

17. Complaint for Legal Malpractice / Professional Negligence, e-filed by Horton S. Johnson on July 30, 2025 as Filing No. 228385035, comprising 65 pages, and the Exhibits attached thereto, which include but are not limited to the supporting exhibits filed in support of the Florida Bar complaint against Alison Pitkanen.

18. Alison Pitkanen's Answer and Affirmative Defenses, filed September 8, 2025, in the Pitkanen Malpractice Action.

19. Joint Case Management Report, filed December 11, 2025, in the Pitkanen Malpractice Action.

20. Alison Pitkanen's Responses to Plaintiff's Motion to Produce, filed February 17, 2026, in the Pitkanen Malpractice Action.

21.     Horton Johnson's Motion to Compel (March 25, 2026) and Pitkanen's Response and Reply in the Pitkanen Malpractice Action.

## IV.  PUBLIC RECORDS — RECORDED INSTRUMENTS

Johnson requests judicial notice of the following recorded instruments as public records in the official records of the respective Florida and South Carolina counties identified:

22.     Trustee's Deed from Homemakers Real Estate, LLC to Crescent Sound, Ltd., Trustee of the Tiered Land Trust, recorded in the Official Records of Brevard County, Florida on or about February 14, 2024, at Clerk's File Number 2024031262, OR Book 9992, Pages 2830 through 2837 (the "Recorded V4 Trustee's Deed").

23.     Declaration of Appointment of Successor Trustee for the Tiered Land Trust, recorded in the Official Records of Brevard County, Florida on April 8, 2025, at Clerk's File Number 2025069058, OR Book 10305, Page 709.

24.     Trustee's Deed from Homemakers Real Estate, LLC as Successor Trustee to Homemakers Real Estate, LLC, recorded in the Official Records of Brevard County, Florida on April 8, 2025, at Clerk's File Number 2025069057, OR Book 10305, Page 701.

25.     Quitclaim Deed from Holly Bluff Marina, Inc. (or related entity) to PEDIXON, LLC for the 7.24-acre riverfront property in Volusia County, Florida, executed on or about July 20, 2023, and recorded in the Official Records of Volusia County, Florida.

26.     Holly Bluff Mortgage in favor of PEDIXON, LLC, recorded in the Official Records of Volusia County, Florida on or about July 20, 2023.

27.     Quitclaim Deed from Recycled Group of South Carolina, LLC to PEDIXON, LLC for the 57.36-acre industrial property in Hampton, South Carolina, executed on or about July 20, 2023, and recorded in the Official Records of Hampton County, South Carolina.

28.     Two Cape Crossing condominium unit transfers recorded in favor of Dixon-affiliated entities in the Official Records of Brevard County, Florida on or about October 6, 2025, with comparable-sales value of approximately $1,100,000.

## V.  RELATED BANKRUPTCY CASES — JOHNSON'S OWN CASES BEFORE THIS COURT

Johnson requests that this Court additionally take judicial notice of its own contemporaneous and prior proceedings in In re Homemakers Real Estate, LLC, Case No. 6:25-bk-02685-GER (the "First Bankruptcy Case") and Case No. 6:25-bk-05570-GER (the "Involuntary Chapter 11 Case"):

29.     First Bankruptcy Case Docket No. 12 — Motion to Dismiss for Lack of Corporate Authority (filed by Crescent Sound and PEDIXON in 02685).

30. First Bankruptcy Case Docket No. 73 — Order Dismissing Case (June 27, 2025), without prejudice.

31. First Bankruptcy Case Docket No. 85 — Order on Reconsideration (August 26, 2025), 2025 WL 2803567, expressly preserving a renewed-filing path at page 7.

32. First Bankruptcy Case Docket Nos. 87, 88, and 89 — Rule 60(d)(3) Motions to Vacate Dismissal for Fraud upon the Court.

33. First Bankruptcy Case Docket Nos. 80-1 and 80-2 — Johnson Declaration and Flynn Affidavit re Notary (July 29, 2025).

34. Involuntary Chapter 11 Case Docket No. 161 and 161-1 — Motion to Remove Ken Dixon and Crescent Sound, Ltd. from Further Representation of the Putative Debtor, with Tiered Land Trust Appendix 3 (107 pages of trust-related instruments).

35. Involuntary Chapter 11 Case Docket No. 213 — Horton Johnson's Post-Trial Brief, and Docket No. 209 — Order Setting Deadline for Post-Trial Briefing.

## VI.  LIMITED PURPOSE OF JUDICIAL NOTICE

36. Johnson requests judicial notice for the limited purpose of establishing (a) the existence, dates, and contents of the identified filings as documents bearing what they say on their face, (b) that certain factual and legal positions are formally before other courts of competent jurisdiction (including the position that the Dixon-affiliated loans are criminally usurious and unenforceable under Florida Statutes § 687.071(7) and that Dixon has been repaid in full and overpaid by approximately $16,207,014.91), (c) that Dixon himself, through PEDIXON LLC and ZPD LLC, placed the underlying loan instruments and guaranty agreements into the public record as exhibits to his own complaint, and (d) the official content of recorded public-record instruments in Brevard, Volusia, and Hampton (SC) Counties.

37. Johnson does not, by this Request, ask the Court to accept the truth of any matter asserted within any of the filings of which judicial notice is sought (e.g., the truth of Pitkanen's denials in her Answer to the Malpractice Action). Johnson reserves all objections to any admissibility issues that may arise from any party's attempt to rely on the substantive content of these documents for the truth of the matters asserted.

## VII.  CONCLUSION

WHEREFORE, Horton S. Johnson respectfully requests that this Court enter an Order taking judicial notice of the records and filings identified in Paragraphs 4 through 35 of this Request, for the purposes set forth in Paragraph 36, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of May, 2026.

/s/ Matthew A. Leibert
MATTHEW A. LEIBERT, Esquire
Florida Bar No. 752266
Law Office Matthew A. Leibert
5782A S. Semoran Blvd.
Orlando, Florida 32822
Telephone: (407) 425-2005
Counsel for Horton Johnson, Creditor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 18, 2026, I electronically filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record, including James A. Timko, Esquire (jtimko@deanmead.com), Frank Amodeo, Pro Se, and counsel for Mainstreet Community Bank, Tamamoi, LLC, the Carton Family Trust, Chapter 7 Trustee Arvind Mahendru, and all other parties receiving electronic notification through the Court's CM/ECF system.

/s/ Matthew A. Leibert
MATTHEW A. LEIBERT, Esquire
Florida Bar No. 752266
Law Office Matthew A. Leibert
5782A S. Semoran Blvd.
Orlando, Florida 32822
Telephone: (407) 425-2005
Counsel for Horton Johnson, Creditor